IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHAD EUGENE PHILLIPS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**USAA FEDERAL SAVINGS BANK, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION, LLC,**<br><br>    **Defendants.** | Case No.: 1:18-cv-00456-CG-B<br><br>**TRIAL BY JURY DEMANDED** |

## AMENDED COMPLAINT

COMES NOW Chad Eugene Phillips, by and through his undersigned attorney, and as his Amended Complaint against the Defendants named above states as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. §1681p.  This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.  That claim arises from a common set of operative facts.

### PRELIMINARY STATEMENT

Plaintiff's claims arise from the reporting of false reporting and derogatory credit information by USAA Federal Savings Bank regarding several loans extended jointly to Plaintiff and his wife.  Specifically, USAA has, since at least April 2018, falsely reported the loan to be "charged off as bad debt," even though the loans have not been in default and remain active.  This has caused Plaintiff to suffer credit damage and threatens to adversely affect his position with the United States Coast Guard and his military career. Plaintiff has repeatedly submitted written

disputes to the major credit bureaus, including Defendants Experian Information Solutions, Inc. and Transunion, LLC.   In response to each of those disputes, USAA verified the false reporting and Experian and Transunion parroted the false information.   Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, for Defendants' false reporting; for failure to properly investigate and respond to Plaintiff's dispute; and for failing to remove the false and derogatory credit information from Plaintiff's credit file.   Plaintiff also asserts a state law breach of contract claim against USAA.

## PARTIES

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant USAA Federal Savings Bank ("USAA") is a corporation formed outside of the State of Alabama, with its principal place of business in the State of Texas.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation formed under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Experian is a "consumer reporting agency" as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in § 1681a(d) of the FCRA, to third parties.

4. Defendant TransUnion, LLC ("TransUnion") is a corporation formed under the laws of the State of Delaware, with its principal place of business in the State of Illinois. TransUnion is a "consumer reporting agency" as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in §1681a(d) of the FCRA, to third parties.

5. Defendants Experian and TransUnion are sometimes referred to herein collectively

as "CRA Defendants" or individually as "CRA Defendant."

## BACKGROUND FACTS

6. Plaintiff is a 33-year-old married man who lives in Mobile County, Alabama. He is on active duty in the United States Coast Guard. He is married to Michelle Phillips and they have two children.

7. Beginning in 2012, the Phillipses obtained a series of personal unsecured loans from USAA to help out with family expenses. Eventually, all but one of the loans were consolidated into one loan with a balance of around $30,000. This left the Phillipses with the consolidated loan and a smaller loan with a balance of approximately $6,000. Both Chad and Michelle were jointly and severally liable as borrowers as to both loans.

8. On July 1, 2015, Plaintiff was transferred to Mobile, where he will be stationed until July 2020.

9. Around the same time, the Phillipses experienced financial difficulties due to the loss of Michelle's income. In February 2018, Michelle filed a voluntary bankruptcy in the United States Bankruptcy Court for the Southern District of Alabama. However, Plaintiff did not file a bankruptcy. He remains obligated under the USAA loans and has continued to make timely loan payments.

10. Beginning in April 2018, USAA began reporting to the three major credit bureaus, including the CRA Defendants, that the USAA loans had been "charged-off as bad debt." This information was reported to Plaintiff's credit file, even though Plaintiff never filed a bankruptcy, remained obligated on the personal loans and has continued to make payments. The information reported was false and derogatory, and USAA knew the information was false.

11. The USAA loans were current and active at the time Michelle filed her bankruptcy;

and the loans remained current and active after the bankruptcy. Those loans were never "charged-off" at any point before Michelle's bankruptcy. Upon information and belief, USAA began reporting the loans as "charged-off" only after, and in response to, the filing of Michelle's bankruptcy.

12. In April 2018, Plaintiff submitted written disputes of the reporting information by USAA to the credit bureaus. In his dispute, Plaintiff explained that he has continued to make the monthly payments on the loans and he that did not file bankruptcy. Plaintiff's written disputes were received by each CRA Defendant.

13. Plaintiff's credit reporting dispute was forwarded to USAA by the CRA Defendants. That dispute, together with the information in its own file provided ample evidence that the disputed credit reporting was false. USAA nevertheless verified the reporting to the CRA Defendants, knowing that this would result in continued false information reported on Plaintiff's credit file. Defendants also knew, or should have known, that this false reporting would cause Plaintiff financial harm. Moreover, USAA continued furnishing the false and derogatory information to credit bureaus, including the CRA Defendants, with the knowledge that such information was false or, at a minimum, could not be verified through any reliable account records.

14. Plaintiff received responses from the CRA Defendants in May 2018. Both Experian and TransUnion verified the false reporting and continued to report the accounts as being "charged-off." Equifax stated in its response that the accounts had been deleted from Plaintiff's credit file.

15. On June 7, 2018, Plaintiff sent a second round of disputes to the CRA Defendants. Plaintiff attached to his dispute letter loan documents demonstrating that he remains liable on the loans and should not be included in any adjustment made relating to his wife's bankruptcy.

16. TransUnion responded to Plaintiff's second dispute by letter dated July 7, 2018 and Experian responded to that dispute by letter dated July 4, 2018.

17. The CRA Defendants again verified the false and derogatory information reported by USAA and continued to list the accounts as "charged-off."

18. The information provided by Plaintiff to the CRA Defendants conclusively demonstrates that the information reported by USAA is false and unreliable, and that any reliance on USAA's verification is unreasonable. USAA did not provide the CRA Defendants with any information or documents refuting the evidence provided by Plaintiff and its response to the CRA Defendants was limited to an unsubstantiated bare statement that the information reported was correct.

19. The CRA Defendants failed to perform any reasonable independent investigation of Plaintiff's dispute and the information provided in support of that dispute. The CRA Defendants' decision to rely on bare and unsubstantiated statement by USAA, in the face of the information provided by Plaintiff, was unreasonable and constitutes a failure to perform the duties required under the FCRA. CRA Defendants continued reporting the false and derogatory information to the credit bureaus, with the knowledge that such information was false or, at a minimum, had not been verified through any reliable account records.

20. Plaintiff's April and June 2018 disputes each constitutes as a "consumer dispute" as defined by FCRA, and each dispute triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b).

21. USAA failed to perform any reasonable investigation of Plaintiff's disputes. USAA verified the reporting and continued furnishing the false and derogatory information to the CRA Defendants with the knowledge that such information was false or, at a minimum, could not

be verified through any reliable records.

22.     The false and derogatory information reported regarding the USAA loans is lowering Plaintiff's credit score and has caused him to be denied credit.   More importantly, the negative information may adversely impact Plaintiff's service review, reenlistment and security clearance related to his military service with the Coast Guard.

23.     Plaintiff has suffered damages proximately resulting from the failure by USAA and the CRA Defendants to properly investigate his disputes and cease the false reporting relating to his loans.   The damages suffered by Plaintiff include, but are not limited to, the loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

24.     The harm suffered by Plaintiff as a proximate result of Defendants' wrongful acts, as described herein, constitutes injury-in-fact, and bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for breach of mortgage, accounting, fraud, defamation, liable, invasion of privacy, wanton collections, negligence and willfulness.

## COUNT ONE
### (FCRA VIOLATIONS BY USAA)

25.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

26.     This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

27.     Defendant USAA furnishes "credit information" to "consumer credit reporting agencies" as those terms are defined by FCRA.   USAA is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

28. At all relevant times after February 2018, USAA provided derogatory and false credit information to the CRA Defendants. This false and derogatory information was reported by the CRA Defendants to third parties, including Plaintiff's potential lenders and others in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

29. As stated above, Plaintiff repeatedly notified the CRA Defendants that he disputes the information being reported by USAA. Upon information and belief, Plaintiff's disputes and all relevant information were forwarded to USAA by each of the CRA Defendants as required by 15 U.S.C. § 1681i(a)(2).

30. Both written disputes described herein constitute consumer disputes and each dispute triggered the requirements set out in 15 U.S.C. § 1681i and 1681s-2(b).

31. Information was available to USAA that should have, upon any reasonable investigation, informed USAA that the information it was furnishing the CRA Defendants regarding Plaintiff's loans were false and/or unverifiable.

32. USAA knew, or should have known, that the USAA loans were not "charged-off" prior to Michelle's bankruptcy and that reporting otherwise active loans as "charged-off" solely because a joint obligator filed bankruptcy is false and unreasonable.

33. Despite its knowledge that the information being reported on Plaintiff's credit file was false and could not be verified by any reliable contract records, USAA repeatedly verified the false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

34. USAA has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b). These actions include, but are not limited to, the following:

(a) Failing to fully, properly or reasonably investigate the Plaintiff's disputes of the reporting of the false and derogatory information;

(b) Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

(c) After receiving notice of Plaintiff's dispute, continuing to submit false and derogatory information to the CRA Defendants and other consumer reporting agencies regarding Plaintiff, knowing that the information was false, incomplete and/or not verifiable;

(d) Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which USAA knew to be false, incomplete and/or not verifiable;

(e) Failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

35. As a proximate result of this conduct, Plaintiff has suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

36. USAA's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

37. USAA's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant USAA for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration,

anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT TWO**
**(FCRA VIOLATIONS BY EXPERIAN AND TRANSUNION)**

38. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

39. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendants Experian and TransUnion pursuant to 15 U.S.C. § § 1681o and 1681n.

40. Each of the CRA Defendants is a "consumer reporting agency" as that term is defined in FCRA.

41. Each of the CRA Defendants has reported false and derogatory credit information on Plaintiff's credit report relating to the above-described USAA loans.  This information was reported to third parties, including Plaintiff's potential lenders and others in a position to evaluate Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by the CRA Defendants to said third parties by a "consumer report" as that term is defined in the FCRA.

42. Plaintiff repeatedly notified the CRA Defendants that the information being reported on his credit file related to the USAA loans were false and Plaintiff provided documentation supporting his dispute and his request that the information be removed.

43. Each of the CRA Defendants knew, or should have known, that the USAA loans were open and active and not "charged-off."   Moreover, each of the CRA Defendants knew, or should have known, that reporting any open account as "charged-off" solely as a result of a

bankruptcy is false and unreasonable.

44. Each of the CRA Defendants failed in its duty to reasonably investigate Plaintiff's disputes and have merely parroted the false information supplied by USAA, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was repeatedly verified and has remained on Plaintiff's credit file. Each of the CRA Defendants also failed to properly respond to the Plaintiff's dispute as required under the FCRA.

45. Each of the CRA Defendants failed, when preparing Plaintiff's consumer report, to follow reasonable procedures to assure maximum possible accuracy as to the USAA loans. Specifically, the CRA Defendants failed to adopt or follow reasonable procedures aimed at preventing the reporting of an otherwise open account as "charged-off" solely as a result of a bankruptcy.

46. CRA's failed to comply with the requirements of the FCRA in one or more of the following ways:

   (a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

   (b) By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to, the willful and/or negligent failure to conduct any reasonable reinvestigation to determine wherein the disputed information was accurate, complete and verifiable;

   (c) By willfully and/or negligently failing to delete information which each of the CRA Defendants knew or, had any reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

(d) By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681;

(e) By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

47. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

48. The CRA Defendants' acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

49. The CRA Defendants' acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter separate judgments against both Experian and TransUnion Defendants for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees.   Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT THREE
### (BREACH OF CONTRACT)

50. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

51. This is a claim for breach of the relevant loan agreements against Defendant USAA.

52. USAA's treatment of the subject loan accounts as "charged off" constitutes a

breach of the express provisions of the loan agreements, as well as a breach of the implied duty of good faith and fair dealing.

53. Pursuant to USAA's policies and definition of "charge-off," only those loans which have defaulted or obligations which have been discharged in bankruptcy are deemed "charged-off." Neither of these conditions apply to Plaintiff's loan obligations. Moreover, Plaintiff has not defaulted in his loan obligations. The loan agreements specifically define the events of default and none apply to Plaintiff's loan obligations.

54. Plaintiff has suffered damage as a result of USAA's breach.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant USAA for breach of contract award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the ___ day of May, 2019.

> */s/ Kenneth J. Riemer*
> KENNETH J. RIEMER (RIEMK8712)
> One of the Attorneys for Plaintiff
> UNDERWOOD & RIEMER, P.C.
> 2153 Airport Boulevard
> Mobile, Alabama 36606
> Phone: (251) 432-9212
> Email: kriemer@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing pleading with the Clerk of this Court using the CM/ECF system and service will be perfected upon the following this the ___ day of

May, 2019 by electronic mail.

<div style="columns:2">

Archibald T. Reeves, IV, Esq.
McDowell Knight Roedder & Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601
areeves@mcdowellknight.com

Amanda Loughmiller, Esq.
McDowell Knight Roedder & Sledge
11 North Water Street, 13th Floor
Battle House Tower
Mobile, Alabama 36602
aloughmiller@mcdowellknight.com

Leilus Jackson Young, Jr., Esq.
Ferguson Frost Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, AL 35242
ljy@ffmylaw.com

Tina Lam, Esq.
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive Suite 200
Birmingham, AL 35242
lam@ffmylaw.com

Keith Steven Anderson, Esq.
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
kanderson@babc.com

J. Jackson Hill, IV, Esq.
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
jhill@bradley.com

Kim A. Purcell, Esq.
JONES DAY
1420 Peachtree Street, N.E.
Atlanta, GA 30309-3053
kpurcell@jonesday.com

</div>

*/s/ Kenneth J. Riemer*
KENNETH J. RIEMER(RIEMK8712)